UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

PAUL A. WILLIAMS,

        Plaintiff,

        v.

ILLINOIS DEPARTMENT OF
CORRECTIONS,

        Defendant.

Case No. 05-cv-4227-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Paul A. Williams ("Williams") motion

for interest, liquidated damages, attorney's fees and costs (Doc. 37).  The defendant Illinois

Department of Corrections ("IDOC") has responded to the motion (Doc. 43).

## I.    Facts and Procedural History

This case arose after Williams, who had worked as a youth supervisor for IDOC,

resigned from his position.  In the fall of 2004, Williams's mother became ill and Williams

determined that he needed to care for her for an undetermined period of time.  Williams met with

his supervisor, Warden William Kilquist ("Kilquist") about his situation, and Williams asserts

that Kilquist told him falsely that if he wanted to take care of his mother, his only option was to

resign.  Following the meeting Williams resigned from his position.  Williams later asked that

his resignation be rescinded and that he be allowed to use his leave rights under the Family and

Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq*, but IDOC refused to honor this request.

Williams filed this lawsuit charging that IDOC, through Kilquist's representations at his private

meeting with Williams, interfered with his right to take FMLA leave and that that improper

interference induced him to resign, all in violation of the FMLA.  The case was tried to a jury on

May 1 and 2, 2007, and the jury rendered a verdict for Williams in the amount of $22,000 for

lost wages and benefits.  Williams now seeks interest, liquidated damages, attorneys fees and

costs under 29 U.S.C. § 2617..

## II.      Interest

The FMLA provides that an employer who violates the act shall be liable for interest on

lost wages and benefits calculated at the prevailing rate.  29 U.S.C. § 2617(a)(1)(A)(ii).  The

plaintiff has calculated the interest amount of $2,277.87, and IDOC does not contest that

calculation.  Therefore, the Court will award prejudgment interest in the amount of $2,277.87.

## III.     Liquidated Damages

The FMLA provides that an employer who violates the act shall be liable for liquidated

damages equal to the sum of the employee's lost wages and benefits and the interest on that

award unless the employer "proves to the satisfaction of the court that the act or omission which

violated section 2615 of this title was in good faith and that the employer had reasonable

grounds for believing that the act or omission was not a violation of" the FMLA.  29 U.S.C. §

2617(a)(1)(A)(iii).  The employer bears the burden of proving it acted in good faith and that its

beliefs were reasonable.  *Nero v. Industrial Molding Corp.*, 167 F.3d 921, 928 (5th Cir. 1999);

*see Shea v. Galaxie Lumber & Constr. Co., Ltd.*, 152 F.3d 729, 733 (7th Cir. 1998) (discussing

an analogous liquidated damages provision under the Fair Labor Standards Act, 29 U.S.C. §

260).  If the employer makes such a showing, the Court has the discretion to reduce the award to

reflect only the lost wages, benefits and interest, but it is not required to do so.  29 U.S.C. §

2617(a)(1)(A)(iii);  *Nero*, 167 F.3d at 929.  However, the Court's discretion "'must be exercised

consistently with the strong presumption under the statute in favor of doubling.'"  *Nero*, 167

F.3d at 929 (quoting *Shea* , 152 F.3d at 733).  Williams requests liquidated damages in the

amount of $22,277.87.  IDOC asks the Court to find that its actions were in good faith and

reduce the damage award by the liquidated damages amount or, in the alternative, to hold a

hearing on the issue.

The Court has carefully reviewed the evidence at trial, finds that it was sufficient to

establish the relevant evidence and finds that IDOC did not act in good faith.  While the Court

believes that Kilquist's incorrect statement to Williams that resigning was his only option was

likely a product of Kilquist's ignorance about the FMLA, IDOC had an opportunity to remedy

Kilquist's misrepresentation when Williams asked IDOC to rescind his resignation and allow

him to take FMLA leave.  IDOC's position that it was not obligated to give Williams FMLA

leave because he did not meet the technical requirements of filing a proper request was an

unreasonable response where the deficiencies in his request were a product of its own warden's

misrepresentations.  Furthermore, IDOC bears the responsibility for educating its wardens about

the contours of FMLA rights, which it obviously failed to do adequately in Kilquist's case.

IDOC's conduct can in no way be described as in good faith and its response to Williams cannot

be construed as reasonable in light of IDOC's obligations under the FMLA.

IDOC argues that it acted in good faith by informing Williams repeatedly of his FMLA

rights.  While the Court applauds those efforts and finds that they indeed were a good faith effort

to educate its employees, those efforts cannot overcome Kilquist's explicit misrepresentations

upon which Williams relied in resigning and IDOC's failure to remedy that wrongfully induced

resignation.

Even if IDOC had acted in good faith and with a reasonable belief it was not violating the

FMLA, the Court would not exercise its discretion to reduce the liquidated damages award.

Nothing IDOC has presented overcomes the presumption of doubling Williams's damage award.

For these reasons, the Court will award Williams liquidated damages in the amount of $22,277.87.

**IV.      Attorney's Fees and Costs**

In addition to a damages award, a plaintiff who obtains a judgment in an FMLA case is entitled to "a reasonable attorney's fee, reasonable expert witness fees, and other costs of the action." 29 U.S.C. § 2617(a)(3).  Williams requests attorney's fees in the amount of $19,044.50 and costs in the amount of $781.96.  IDOC asks the Court to reduce the attorney's fees to $12,732 and has withdrawn its objections to the costs claimed.

Attorney's fees are calculated using the lodestar method, which involves "multiplying the number of hours the attorney reasonably expended on the litigation times a reasonable hourly rate." *Mathur v. Board of Trs. of S. Ill. Univ.*, 317 F.3d 738, 742 (7th Cir. 2003) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).  The Court can then adjust the total amount based on various factors specific to the litigation, including but not limited to

> the time and labor required; the novelty and difficulty of the questions; the skill requisite to perform the legal services properly; the preclusion of employment by the attorney due to acceptance of the case; the customary fee; whether the fee is fixed or contingent; time limitations imposed by the client or the circumstances; the amount involved and the results obtained; the experience, reputation, and ability of the attorneys; the "undesirability" of the case; the nature and length of the professional relationship with the client; and awards in similar cases.

*Spellan v. Board of Educ. for Dist. 111*, 59 F.3d 642, 645 (7th Cir. 1995);  *accord Mathur*, 317 F.3d at 742 & n. 1.

1.       Reasonable Hourly Rate

Williams's attorney calculated his attorney's fee based on an hourly rate of $200, although he concedes his normal hourly rate is $150.  He argues that $200 is reasonable in comparison to fees charged by other attorneys in the community who do similar work.  IDOC

asks the court to reduce the rate to $150.

The Court finds that such a rate reduction is proper.  A reasonable hourly rate is presumed to be an attorney's actual billing rate for comparable work.  *Mathur v. Board of Trs. of S. Ill. Univ.*, 317 F.3d 738, 743 (7th Cir. 2003).  Indeed, "the best evidence of the market value of legal services is what people will pay for it."  *Stark v. PPM Am., Inc.*, 354 F.3d 666, 675 (7th Cir. 2004).  The fee applicant bears the burden of proving his market rate , but once he does this, the opposing party may attempt to convince the Court that a lower rate is justified.  *Stark*, 354 F.3d at 674-75.  "Only if an attorney is unable to provide evidence of [his] actual billing rates should a district court look to other evidence, including rates similar experienced attorneys in the community charge paying clients for similar work."  *Mathur*, 31, 7 F.3d at 743. (omitting internal quotation marks).  Williams's attorney has established his actual billing rate at $150 per hour, and he has not overcome the presumption that that rate is proper in this case.  Therefore, the Court will use $150 per hour as a basis for the attorney's fee award.

IDOC does not contest the rate of $75 for paralegal work, so the Court will apply that rate for those services.

### 2.      Number of Hours Reasonably Expended

Williams's attorney has submitted an itemized bill showing he spent 94.15 hours and that his paralegal spent 2.86 hours on this case.  IDOC believes certain attorney hours are excessive, although it has no objection to the paralegal hours.

The Court can disallow hours as not reasonably expended if they are "excessive, redundant, or otherwise unnecessary."  *Stark v. PPM Am., Inc.*, 354 F.3d 666, 674 (7th Cir. 2004).  The Court will review each of IDOC's complaints individually:

• 　　　IDOC argues that the two itemizations for preparing, reviewing, revising and filing the

four-page complaint (totaling 8.67 hours) are excessive and should be reduced to 4 hours. The Court declines to reduce these hours. Filing even a short complaint usually requires reviewing documents, verifying details with the client, drafting and redrafting the pleading and researching to ensure that the pleading meets Rule 11 requirements. This may justifiably take an extended period of time even when the final product is only four pages.

- IDOC believes the itemization for preparing a one-page motion for extension of time, with an affidavit attached, to respond to IDOC's summary judgment motion (1.92 hours) is excessive and should be reduced to 0.5 hours. The Court finds that 1.92 hours is excessive for such a simple motion and affidavit and will accordingly reduce the billed hours to 0.5 hours.

- IDOC argues that the three itemizations for revising the final pretrial order and exhibit list (totaling 5.68 hours) are excessive and should be reduced to 2.5 hours. The Court declines to reduce these hours. Even where only few changes are made to a final pretrial order or exhibit list, review of the order and list may take a substantial amount of time.

For these reasons, the Court finds that Williams's attorney reasonably billed 92.73 hours and his paralegal reasonably billed 2.86 hours..

3.    Other Factors

Although he advances this argument in the context of the attorney billing rate, Williams asks for an upward fee adjustment based on the novelty of the questions presented, the skill required for the case, the results obtained, the experience, reputation and ability of the attorney and the undesirability of the case. On the other side, IDOC asks for a downward fee adjustment because of Williams's limited success in his efforts to recover lost wages and benefits in the

amount of $65,000.

The Court finds that both sides have some merit, but in the end it is a wash.  The "rate x hours" calculation therefore remains the appropriate measure of attorney's fees in this case. Accordingly, the Court will award attorney's fees for attorney work in the amount of $13,909.50 ($150/hour x 92.73 hours) and for paralegal work in the amount of $214.50 ($75/hour x 2.86 hours) for a total of $14,124.00.  The Court will also award costs in the amount of $781.96.

## IV.      Conclusion

For the foregoing reasons, the Court **GRANTS** Williams's motion for interest, liquidated damages, attorney's fees and costs (Doc. 37) and **DIRECTS** the Clerk of Court to enter judgment in favor of Williams in the amount of $22,000.00 in compensatory damages, $2,277.87 in prejudgment interest, $22,277.87 in liquidated damages, $14,124.00 in attorney's fees and $781.96 in costs, for a total judgment of $61,461.70.

**IT IS SO ORDERED.**

**DATED:  August 13, 2007**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
