UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PAUL A. WILLIAMS,<br><br>      Plaintiff,<br><br>  v.<br><br>ILLINOIS DEPARTMENT OF CORRECTIONS,<br><br>      Defendant. | Case No. 05-cv-4227-JPG |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion for judgment as a matter of law or, in the alternative, for a new trial filed by defendant Illinois Department of Corrections ("IDOC") (Doc. 40). Plaintiff Paul A. Williams ("Williams") has responded to the motion (Doc. 42), and IDOC has replied to that response (Doc. 44).

**I.    Facts and Procedural History**

This case arose after Williams, who had worked as a youth supervisor for IDOC, resigned from his position. In the fall of 2004, Williams's mother became ill and Williams determined that he needed to care for her for an undetermined period of time. Williams met with his supervisor, Warden William Kilquist ("Kilquist") about his situation, and Williams asserts that Kilquist told him falsely that if he wanted to take care of his mother, his only option was to resign. Following the meeting Williams resigned from his position. Williams later asked that his resignation be rescinded and that he be allowed to use his leave rights under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq*, but IDOC refused to honor this request. Williams filed this lawsuit charging that IDOC, through Kilquist's representations at his private meeting with Williams, interfered with his right to take FMLA leave and that that improper

interference induced him to resign, all in violation of the FMLA. The case was tried to a jury on May 1 and 2, 2007, and the jury rendered a verdict for Williams in the amount of $22,000 for lost wages and benefits. The Court entered judgment in the amount of $61,461.70 in favor of Williams, which included an award for prejudgment interest, liquidated damages, attorneys fees and costs. IDOC now asks for judgment as a matter of law or, in the alternative, a new trial. The motion is timely because it was filed less than ten days after entry of judgment. *See* Fed. R. Civ. P. 50(b) & 59(b).

**II.     Motion for Judgment as a Matter of Law or, in the Alternative, for a New Trial Under Federal Rule of Civil Procedure 50(b)**

IDOC asks the Court for judgment as a matter of law or for a new trial for many of the same reasons raised in its motion for summary judgment. Specifically, it argues that Williams was not entitled to leave because he did not meet the technical requirements for submitting an FMLA leave request, that is, he did not tell IDOC the expected duration of his absence, submit a written request for leave or give notice at least 30 days prior to the leave. It further claims the Court erred by failing to instruct the jury on the need for meeting those technical requirements before Williams could be entitled to take FMLA leave.

The Court may grant judgment as a matter of law during trial whenever "a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a)(1). If the Court denies the motion, the moving party may renew it after entry of judgment on the verdict. Fed. R. Civ. P. 50(b). In response to a post-judgment motion under Rule 50(b), the Court may allow the judgment to stand, order a new trial or direct entry of judgment as a matter of law. Fed. R. Civ. P. 50(b)(1).

In deciding the motion, the Court should consider all of the evidence, but must draw all reasonable inferences in favor of the non-moving party and must not make credibility determinations or weigh the evidence. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). "That is, the court should give credence to the evidence favoring the nonmovant as well as that 'evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that that evidence comes from disinterested witnesses.'" *Id.* at 151 (quoting 9A C. Wright & A. Miller, *Federal Practice and Procedure* § 2529, at 300 (2d ed. 1995)). This standard mirrors the standard for granting summary judgment. *Reeves*, 530 U.S. at 150 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-51 (1986)); *Murray v. Chicago Transit Auth.*, 252 F.3d 880, 887 (7th Cir. 2001).

Viewing all the controverted evidence in Williams's favor, the Court finds that there was a legally sufficient evidentiary basis for the jury to find for Williams. As the Court pointed out in its denial of IDOC's motion for summary judgment, the reasoning of which the Court adopts in this order, this case was not about whether Williams made a proper request for FMLA leave. Instead, it was about whether Kilquist interfered with Williams's FMLA rights before Williams even got to the stage of officially submitting a proper request by misrepresenting that FMLA leave was not an option and whether IDOC failed to remedy the harm that flowed from that misrepresentation by rescinding Williams's resignation and allowing him to take FMLA leave. The evidence at trial was legally sufficient to support the jury's finding that Williams put Kilquist on notice that Williams might be entitled to FMLA leave, *see Aubuchon v. Knauf Fiberglass, GmbH*, 359 F.3d 950, 953 (7th Cir. 2004); *see Phillips v. Quebecor World RAI, Inc.*, 450 F.3d 308, 311 (7th Cir. 2006), that Kilquist definitively and incorrectly told Williams he was not, and that had Kilquist not made that misrepresentation Williams would have been able to

exercise his FMLA rights. Although Williams did not technically comply with IDOC's FMLA request rules, the jury was clearly within its right to find that IDOC interfered with Williams's exercising his FMLA rights by misrepresenting his entitlement to apply for them.

For these reasons, the Court will deny IDOC's motion under Rule 50(b) and will let the judgment stand.

### III.  Motion for a New Trial Under Federal Rule of Civil Procedure 59(a)

IDOC asks the Court for a new trial because the verdict was against the manifest weight of the evidence and because the Court did not instruct the jury correctly. Federal Rule of Civil Procedure 59(a) allows the Court to grant a new jury trial "for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." This includes where the verdict is against the manifest weight of the evidence, the damages are excessive, or the trial was unfair to the moving party. *Kapelanski v. Johnson*, 390 F.3d 525, 530 (7th Cir. 2004).

The verdict in this case that IDOC violated the FMLA was not against the manifest weight of the evidence. As noted above, the evidence was sufficient for the jury to find for the plaintiff on the legal issue presented in this case: whether IDOC, through Kilquist, interfered with Williams's right to exercise his rights under the FMLA. Williams's testimony on this issue was compelling, although it may have been inconsistent with other witnesses' testimony and some of William's other statements. The issue of whether Williams gave Kilquist technically sufficient notice after Kilquist essentially preemptively denied those rights was not at issue.

The jury instructions in this case adequately framed the relevant issues and did not taint the jury's deliberations. "To win a new trial based on an erroneous jury instruction, [a movant] must show that: 1) the instructions did not adequately state Seventh Circuit law and 2) it was

prejudiced by the error because the jury was likely confused or misled." *Susan Wakeen Doll Co. v. Ashton Drake Galleries*, 272 F.3d 441, 452 (7th Cir. 2001).

IDOC argues that the Court should have given Defendant's Instructions 2 and 8, which included the technical requirements of requesting FMLA leave. While IDOC's tendered instructions may have been accurate statements of the law, they were not relevant to the primary issue in this particular case – IDOC's pre-request interference with Williams's FMLA rights. Defendant's Instruction 8 addressed the timing requirements, which were not at issue after IDOC's preemptive denial of Williams's rights, and Court's Instruction 11 adequately covered the relevant issues addressed by Defendant's Instruction 2. The entire set of jury instructions adequately conveyed the relevant law in the Seventh Circuit applicable to the specific circumstances presented in this case and was not likely to confuse the jury in any significant way.

## IV.   Conclusion

For the foregoing reasons, the Court **DENIES** IDOC's motion for judgment as a matter of law or, in the alternative, for a new trial (Doc. 40).

**IT IS SO ORDERED.**
**DATED:  August 13, 2007**

              s/ J. Phil Gilbert
              **J. PHIL GILBERT**
              **DISTRICT JUDGE**